IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT LEE SLATER,                    §
                                      §
        Petitioner,                   §
                                      §
V.                                    §        CIVIL ACTION NO. H-05-2784
                                      §
DOUG DRETKE, DIRECTOR,                §
TEXAS DEPARTMENT OF CRIMINAL          §
JUSTICE, CORRECTIONAL                 §
INSTITUTIONS DIVISION,                §
                                      §
        Respondent.                   §

**MEMORANDUM AND ORDER GRANTING
RESPONDENT'S  MOTION FOR SUMMARY JUDGMENT**

Pending in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254 is

Respondent's Motion for Summary Judgment (Document No. 12) against Petitioner's Federal

Application for Writ of Habeas Corpus (Document No. 1).  Having considered Respondent's Motion

for Summary Judgment, Petitioner's Traverse and Affidavit, the claims raised by Petitioner in his

Federal Application for Writ of Habeas Corpus, the state court records, and the applicable law, the

Court[1] ORDERS, for the reasons set forth below, that Respondent's Motion for Summary Judgment

is GRANTED, Petitioner's Federal Application for Writ of Habeas Corpus  is DENIED, and this

section 2254 proceeding is DISMISSED with prejudice.

---

[1] On March 22, 2006, pursuant to the parties' consent, this case was transferred by the
District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No.
21.

I.     **Introduction and Procedural History**

Robert Lee Slater ("Slater") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, as a result of a felony aggravated assault judgment and sentence from the 263rd District Court of Harris County, Texas, in Cause No. 949467, styled "The State of Texas v. Slater." *Ex parte Slater*, Application No. 62,220-01 at 71-72. Slater was charged by indictment with the felony offense of aggravated robbery on May 14, 2003. *Id.* at 66. On October 15, 2003, Slater pled guilty to aggravated robbery without a specific recommendation for punishment. *Id.* at 58-59. The State however agreed to cap the punishment at thirty years. *Id.* at 59. The case was reset to January 15, 2004, for a Pre Sentence Investigation. On January 15, 2004, the trial court sentenced Slater to twenty years imprisonment. *Id.* at 71-72.

On January 15, 2004, Slater filed a general Notice of Appeal. On March 11, 2004 the 14th Court of Appeals dismissed the appeal because the petitioner waived his right to appeal. *Slater v. State*, No. 14-04-0056-CR (Tex. App.–Houston [14th Dist.], 2004, no pet.). Slater did not file a petition for discretionary review.

On March 3, 2005, Slater filed his first state petition for writ of habeas corpus challenging his aggravated robbery conviction. *Ex parte Slater*, Application No. 62,220-01. On April 18, 2005, the court ordered the trial attorney of record, R.E. Wheelan, to file an affidavit responding to the allegations of ineffective assistance of trial counsel contained in the writ of habeas corpus application. Slater was given thirty days from the date of the affidavit's filing to respond (Document No. 9, Attachment 1 at 40). On May 4, 2005, R.E. Wheelan filed an affidavit in response to the allegations. *Id.* at 45. On May 6, 2005, the court made findings and conclusions and recommended that Slater's application de denied. On May 18, 2004, the 14th Court of Appeals dismissed Slater's

2

appeal. *Slater v. Texas*, No. 14-04-0056-CR. On July 27, 2005, the Texas Court of Criminal Appeals denied the application without a written order and without a hearing, based on the findings of the trial court (Document No. 9 at cover). On August 9, 2005, Slater filed the instant petition for writ of habeas corpus with this Court. (Document No. 1).

Respondent has filed a Motion for Summary Judgment (Document No. 12), to which Slater has filed a Traverse and a Motion to Deny Respondent's Request for Summary Judgment in response (Document No. 24).  This section 2254 proceeding is ripe for ruling.

## II.   <u>Claims</u>

In his § 2254 application, Slater sets forth the following four claims:

1.      that his trial counsel, R.E. Wheelan, was ineffective for: (a) failing to request a hearing; (b) informing Slater he could 'pretty much guarantee' probation if defendant pled guilty and asked for a PSI; (c) failing to advise Slater regarding the elements of aggravated robbery; (d) failing to determine that Slater pleaded to an improper charge which included a deadly weapon allegation and failed to correct Slater's plea; (e) failing to call witnesses to testify on Slater's behalf; (f) failing to object to the prosecutor's argument that Slater waved a gun in the victim's face; and (g) failing to support Slater's claim that he did not have a deadly weapon; and

2.      his conviction was obtained by a guilty plea that was not knowingly, intelligently, or voluntarily entered because Slater was under the impression that he was pleading guilty to robbery, not aggravated robbery; and

3.      that the trial court abused its discretion when it: (a) accepted Slater's plea where the voluntariness and understanding of the plea was questionable; and (b) failed to follow the statutory requirements regarding disputed facts in a PSI report; and

4.      that the trial court violated its own order during the state habeas corpus proceedings when it denied Slater relief on his ineffective assistance of counsel claims before he was given the opportunity to respond to trial counsel's affidavit.

3

First, in the Motion for Summary Judgment Respondent argues that Slater has failed to demonstrate that the state court's denial of his ineffective assistance counsel claim was unreasonable. Second, Respondent argues that Slater's guilty plea was both voluntary and knowing. Third, Respondent argues Slater has not exhausted his state law remedies with respect to claims 3(a) and (4), and that such claims are both unexhausted and procedurally barred. Additionally, Respondent argues that Slater is not entitled to any relief on his claims under section 2254(d) because the Texas Court of Criminal Appeals' rejection of his claims was not contrary to or an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

## III.   Standard of Review

### A.   Exhaustion/Procedural Bar

In order to exhaust state law remedies, Texas prisoners must fairly present their claims to the highest state court, the Texas Court of Criminal Appeals, TEX. CODE CRIM. PROC. ANN. art. 44.45 (Vernon Supp. 1981), through a petition for discretionary review and/or a state application for writ of habeas corpus.  TEX. R. APP. P. 68.1; TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 1977 and Vernon Supp. 1998). "'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.'" *Ex parte Wilder*, 274 F.3d 255, 259-260 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Rather, the petitioner must have presented the highest state court with the same claim, the same factual basis for the claim, and the same legal theory in order to meet the exhaustion requirement. *Id.* "[F]leeting reference to the federal constitution," especially when such reference is not accompanied by any

4

federal case law authority, generally does not suffice to "alert and afford a state court the opportunity to address an alleged violation of federal rights", and that "vague references to such expansive concepts as due process and fair trial" in a state court proceeding will not satisfy the exhaustion requirement. *Id.* at 260.

When unexhausted claims are contained in a section 2254 application, and when such claims, if the petitioner tried to exhaust them in state court, "would be barred by the abuse-of-the-writ doctrine of Article 11.071 of the Texas Code of Criminal Procedure" the claims should be dismissed with prejudice as procedurally barred. *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999); *see also Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). "'A procedural default also occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Nobles*, 127 F.3d 409, 420 (quoting *Coleman*, 501 U.S. at 735, 111 S.Ct. at 2557). Only when the petitioner makes a colorable showing that his unexhausted claims would be considered on the merits by the state courts if he attempted to exhaust them, should the claims be dismissed without prejudice. *Horsley,* 197 F.3d 134 at 136-137.

**B.    State Law Procedural Bar**

Federal courts are precluded from considering claims which were rejected by the last state court to have considered them on the basis of a state procedural default. *Harris v. Reed*, 489 U.S. 255, 263 (1989).  In order for a state court's rejection of a habeas claim to act as a procedural bar to review in a federal habeas proceeding, the state court must, in a plain statement, determine that its rejection of the claim rests on adequate and independent state procedural grounds. *Id.* at 261; *Michigan v. Long*, 463 U.S. 1032, 1042 (1983). Once a state court has relied on a procedural default for rejecting

a habeas claim, a federal court in a federal habeas proceeding cannot review such a claim unless the petitioner shows cause and prejudice associated with the default or shows that absent a review of the claim by a federal court a fundamental miscarriage of justice will result. *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when a "'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Sawyer v. Whitley*, 945 F.2d 812, 816 (5th Cir. 1991) (quoting *Murray v. Carrier*, 477 U.S. 478 at 496, 106 S.Ct. 2639 (1986)), *cert. granted*, 502 U.S. 965 (1991), *and aff'd*, 505 U.S. 333 (1992).

   **C.     § 2254(d)**

   Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim presented in a federal habeas corpus proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited.  28 U.S.C. § 2254(d) provides:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Price v. Vincent*, 538 U.S. 634, 123 S. Ct. 1848, 1853 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 (2000)), states that:

> [A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a

decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.

*Id.* at 405-406.

A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "'It is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Price*, 538 U.S. at 641 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25, 123 S. Ct. 357 (2002)).

As for factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d)(2) (2000). In addition, the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1) (2000). *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. granted in part,* 124 S.Ct. 1652 (2004), *overruled on other grounds, Tennard v. Dretke*, 542 U.S. 274, 124 S.Ct. 2562 (2004).

Of utmost significance under section 2254(d) is the principle that once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding. 24 U.S.C. § 2254(d). Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts

in light of the evidence presented in the state court proceeding. *Id*. Whether a federal habeas court

would have, or could have, reached a conclusion contrary to that reached by the state court on an issue

is not determinative. *Id*. In addition, the correctness of the state court's decision is not determinative.

As instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2535 (2003),

"[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the

state court's decision must have been more than incorrect or erroneous.[. . .] The state court's

application must have been 'objectively unreasonable.'" (citations omitted).

### D. Ineffective Assistance of Counsel Standard

Claims of ineffective assistance of trial counsel are generally measured by the standards set

forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).  In *Hill v. Lockhart*, 474 U.S.

52 (1985) the Supreme Court extended the *Strickland/Washington* test to cases involving guilty pleas.

*Id.* at 57-58. To be entitled to relief on an ineffective assistance of counsel claim, a petitioner must

be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that

a fair trial could not be had.  *Id*. at 687.  Deficiency is judged by an objective reasonableness standard,

with great deference given to counsel and a presumption that the disputed conduct is reasonable.  *Id*.

at 687-689.  The prejudice element requires a petitioner to "show that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Id*. at 694.

Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential and a strong

presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct

was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992)

(citing *Strickland*), *cert. denied*, 509 U.S. 921 (1993).  In order to overcome the presumption of

competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  Under the prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient performance the result of his trial would have been different, "and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable." *Chavez*, 193 F.3d at 378. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel.  The determination as to whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record.  Each case is judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983), *cert. denied*, 467 U.S. 1220 (1984).  The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct.  *Strickland*, 466 U.S. 668, 690-691.  Counsel will not be judged ineffective only by hindsight.   "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 6; 124 S.Ct. 1, 6 (2003).

## IV.   Discussion

### A.   Exhaustion and Procedural Bars

Claim 3(a) is unexhausted but claim 4 is exhausted. Respondent's argument that claim 3(a) is unexhausted is supported by the state court record. A habeas proceeding should not be used to

9

litigate issues which should have been raised on direct appeal. *Ex parte Goodman*, 816. S.W.2d 383,

285 (Tex. Crim. App. 1991); *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978).

Slater filed a state application for writ of habeas corpus challenging the instant conviction. *Ex parte Slater*, Application No. 62,220-01. Slater alleged that: (1) Slater's conviction was obtained by a guilty plea that was not knowingly, intelligently, or voluntarily entered because (a) Slater was under the impression that he was pleading guilty to robbery, not aggravated robbery and (b) his attorney had led him to believe he would receive probation if he pled guilty; and (2) his trial counsel, R.E. Wheelan, was ineffective for: (a) failing to request a hearing; (b) informing Slater he could pretty much guarantee probation; (c) failing to advise Slater regarding the elements of aggravated robbery; (d) failing to determine that Slater pleaded to an improper charge and failed to correct Slater's plea; (e) failing to call witnesses to testify on Slater's behalf; (f) failing to object to the prosecutor's argument that Slater waved a gun in the victim's face; (g) failing to support Slater's claim that he did not have a deadly weapon; and (3) that the conviction was not voluntary and that it was coerced; and that (4) that the trial court abused its discretion when it failed to follow the statutory requirements regarding disputed facts in a PSI report.

The record shows that Slater did not bring forth claim 3(a) in his state application and therefore this claim is unexhausted. In addition and notwithstanding the exhaustion determination, claim 3(a) is procedurally barred by the Texas abuse-of-writ doctrine. "Texas's abuse-of-the-writ doctrine has, since 1994, provided an adequate state ground for the purpose of imposing a procedural bar." *Barrientes v. Johnson*, 221 F.3d 741, 759 (5th Cir. 2000), *cert. dism'd*, 531 U.S. 1134, 121 S.Ct. 902 (2001). Claim 3(a) would be dismissed if raised by Slater in another state application for

writ of habeas corpus, as an abuse of the writ.  *See Horsley*, 197 F.3d at 137. The claim is therefore procedurally barred from review herein.

In order to overcome this, Petitioner would have to make a colorable showing that his claim, if raised at the state level, would be considered on the merits. *Horsley,* 197 F.3d at 136-137. Slater cannot make such a showing with regards to claim 3(a) because under Texas law a 'dismissal' is considered a decision on the merits. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (stating that the denial of a state application for writ of habeas corpus denotes that Texas Court of Criminal Appeals addressed and rejected the merits of an applicant's claims).

Claim 4 is exhausted under federal law. The exhaustion doctrine requires that the state be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal rights. *Harless*, 459 U.S. 4, 6 (1982). For this to take place the claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The trial court's actions took place after the appeal had been filed. Due to the nature and timing of the violation, Slater did not have the opportunity of using the regular channels to present his claim to the Texas Court of Criminal Appeals. Slater however filed a notice of due process violation with the Court in which he detailed the trial court's failure to allow Slater to use his thirty day response time (Document No. 9, cover). Exhaustion of claim 4 is therefore supported by the record inasmuch as the state courts were given an opportunity to resolve the due process violation. Claim 4 is therefore exhausted.

In addition, claim 4 is not necessarily barred by the Texas abuse-of-writ doctrine, codified in TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (West Supp. 1996). Under section 4, a subsequent application will not be considered by the court unless: "(1) the current claims and issues [. . .] could

11

not have been presented previously in  an original application or in a previously considered application filed [. . .] because the factual [. . .] basis for the claim was unavailable on the date the applicant filed the previous application." TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (West Supp. 1996). Slater filed his application for a writ of habeas corpus prior to May 6, 2006, the date on which the trial court allegedly violated its own order. Therefore, claim 4 falls under the article 11.07 § 4(1) exception and is not necessarily procedurally barred.

For the reasons set forth above, claim 3(a) is procedurally barred from review in this section 2254 proceeding. Claim 4 is exhausted and not procedurally barred. It is further discussed at p. 17, *infra*.

### B.      Merits Review under section 2254(d)

Slater's claims were adjudicated by the Texas Court of Criminal Appeals when it denied Slater's state application for writ of habeas corpus. *See Ex Parte Torres*, 943 S.W.2d 469, 472. That adjudication was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence.

### 1. Ineffective Assistance of Counsel (claim 1)

In claim one, Slater alleges the following: that his trial counsel, R.E. Wheelan, was ineffective for: (a) failing to request a hearing; (b) informing Slater he could 'pretty much guarantee probation' if he pled guilty and asked for a PSI; (c) failing to advise Slater regarding the elements of aggravated robbery; (d) failing to determine that Slater pleaded to an improper charge and failed to correct Slater's plea; (e) failing to call witnesses to testify on Slater's behalf; (f) failing to object to the

prosecutor's argument that Slater waved a gun in the victim's face; and (g) failing to support Slater's claim that he did not have a deadly weapon.

The Texas Court of Criminal Appeals rejected Slater's ineffectiveness claims without written order on findings of trial court without a hearing (Document No. 9, cover). That rejection was not contrary to nor an unreasonable application of *Strickland* and was not based on an unreasonable determination of the facts in light of the evidence presented. Slater's allegation that R.E. Wheelan was ineffective for misrepresenting the guilty plea admonishments and leading him to believe that he would obtain probation if he pled guilty are allegations not supported by the record.  As set forth above, Slater signed the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." He represented therein that he had read and discussed the contents of the document with his attorney. In addition, in the state habeas proceeding, R.E. Wheelan filed an affidavit in which he averred: "I thoroughly discussed the plea papers with Mr. Slater, along with the trial court's admonishments and the consequences of his plea. I also advised Mr. Slater of the applicable full range of punishment." ("Affidavit of R.E. Wheelan", Document No. 9, Attachment #1 at 45). Based on the contents of that affidavit, as well as the contents of Slater's "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" and the factual finding of state trial court that the contents of counsel's affidavit were true, no relief is available under section 2254(d) on Slater's claim that his counsel was ineffective for misrepresenting the plea agreement.

For a claim of ineffective representation to be valid it must satisfy both of the *Strickland/Washington* prongs. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (extending the *Strickland/Washington* test to cases involving guilty pleas). A reviewing court may dispose of a claim if either the aid rendered by counsel was not reasonably

13

effective assistance or if there was no prejudice. *Id.* at 697. Given the record, claims of ineffective assistance consisting of: failure to object to the prosecutor's argument (claim 1(f)), failure to support Slater's claims he did not have a gun (claim 1(g)), failure to call witnesses to testify on Slater's behalf (claim 1(e)) and the failure to request a hearing, would not have changed the outcome of the case. Therefore, there was no prejudice from these actions. The "Waiver" included a waiver of the right to appeal. Objections, the hearing and witnesses would not have overcome Slater's guilty plea.

The only claim to which one could apply the *Strickland/Washington* test is the claim that R.E. Wheelan promised Slater he would receive probation if he pled guilty. However, no such evidence is in the record. The evidence is actually contrary to this assertion considering that both the affidavit (Document No. 9, Attachment #1 at 45) and the "Waiver" (Document No. 9 at 31-37) support the fact that Slater received no such promises and did not enter any agreement to that effect. His "Waiver" specifically stipulates that there is no agreed recommendation. *Id.* at 31.

Although Slater is correct in arguing that a guilty plea does not strip a defendant of his right to counsel, *Woodward v. Beto*, 447 F.2d 103, 104 (5th Cir. 1971), Respondent is also correct in pointing out that claims of ineffective assistance of counsel are limited to the knowing and voluntary nature of the plea. *U.S. v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (finding that ineffectiveness claims alleging failure to review the prosecutor's file to verify laboratory tests, and failure to investigate witnesses and the legality of arrest were waived by a voluntary guilty plea) (citing *Barrientos v. U.S.*, 668 F.2d 838, 842 (5th Cir. 1982)). The abovementioned court record supports a finding that counsel's alleged ineffective representation did not result in either an unknowing or involuntary guilty plea.

14

### 2.    Involuntary Guilty Plea (claim 2)

"[G]uilty pleas are valid if both 'voluntary' and 'intelligent,'" *Brady v. United States*, 397 U.S. 742 at 747, 90 S.Ct. 1463 (1970), meaning that "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25 at 30, 91 S.Ct. 160 (1970). A guilty plea is considered "voluntary" if it is made by a defendant who is "'fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel'" and who has not been "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady*, 397 U.S. at 755 (quoting *Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1957)). A guilty plea is considered to have been "intelligently" made if the defendant is "advised by competent counsel", "made aware of the nature of the charge against him", and is competent and in control of his mental faculties at the time the plea is entered. *Id.* at 756.

Here, the Texas Court of Criminal Appeals rejected Slater's claim that the plea was involuntarily and unknowingly made. That determination, upon this record, is consistent with and not an unreasonable application of clearly established federal law, and is based on a reasonable determination of the facts in light of the evidence. The record shows that Slater signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," in which he stipulated to the charge against him, including the charge of Aggravated Robbery, agreed to the thirty year cap and requested a pre-sentencing investigation (Document No. 9, Attachment #3 at 29).

Similarly, in the written admonishments Slater initialed and signed, Slater indicated that: (1) he understood he was being charged with a felony; (2) he was mentally competent and understood the nature of the charges against him; (3) he fully understood the court's admonishments; (4) he understood the consequences of his guilty plea; (5) he had freely, knowingly and voluntarily read and signed the admonishments; (6) both the admonishments and "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," were read to and explained to him by his attorney; (8) his plea was freely and voluntarily made; and (9) he committed each and every element of every offense alleged in the indictment. *Id.* 29-35. In addition, the stipulation that the crime included the element of "deadly weapon" was handwritten and initialed (Document No. 9, Attachment #1 at 60).

To the extent that Slater alleges he did not realize he was pleading to aggravated robbery but thought he was pleading to robbery (Document No. 9, Attachment #1 at 7) the state courts' determination that Slater's plea was knowingly or voluntarily given is a reasonable finding in light of the facts. The state trial court accepted Slater's waiver and guilty plea. Slater therefore does not have grounds to refute the knowing and voluntary nature of his guilty plea, which includes the element of use of a deadly weapon.

### 3.    Trial Court's Abuse of Discretion in Disregarding PSI report (claim 3(b))

Slater's claim 3(b), that the trial court failed to follow statutory requirements regarding disputed facts in the PSI report,  has no remedy under section 2254. "A state prisoner seeking federal review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right." *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a

federal issue is also presented. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993), *cert. denied*, 510 U.S. 1025 (1993).

In his claim 3(b) Slater argues that the trial court abused its discretion by failing to follow the statutory requirements regarding disputed facts in a PSI report. He argues that the trial court should have investigated why Slater claimed he did not have a gun after signing a guilty plea to the contrary (Document No. 1 at 16). Slater also presents the argument that failure to investigate the PSI negated the voluntariness and knowing nature of the guilty plea. *Id.* at 16-17. With regards to the first argument, Slater's claim is not a matter of federal law nor does Slater present the violation of a federal constitutional right. As to the voluntariness of the guilty plea, the merits of the claim have already been addressed by this court.   Consequently, Slater's claim 3(b) has no remedy under section 2254.

### 4.    Trial Court's Abuse of Discretion in Violating its own Order (claim 4)

Slater's claim 4, that the trial court abused its discretion in violating its own order thus depriving him of due process of law, is exhausted and not procedurally barred. The order in question was on the matter of ineffective counsel representation. The trial court determined that the issue of whether Slater was denied effective assistance of counsel needed to be resolved (Document No. 9, Attachment #1 at 39). The court ordered R.E. Wheelan to file an affidavit summarizing his actions after which Slater would have thirty days to respond. *Id.* Wheelan filed his affidavit on May 4, 2005 (Document No. 9, Attachment #1 at 44-47). The same day the trial court adopted the affidavit ("Respondent's Proposed Findings of Fact, Conclusions of Law and Order"). *Id.* at 50. On May 6, 2005 the trial court forwarded the application for a writ of habeas corpus, Respondent's answer, the Court's order, the indictment, judgment and sentence, and docket sheets, the Waiver of Constitutional

Rights, Agreement to Stipulate, and Judicial Confession, R.E. Wheelan's Affidavit, the Court's Findings of Fact and Conclusions of Law, and the Respondent's and Applicant's Proposed Findings of Fact and Conclusions of Law to the Court of Criminal Appeals as provided for by TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (Vernon Supp. 2004). *Id.* at 52. By adopting Wheelan's affidavit as true on the day it was filed, the trial court undeniably failed to respect its own order granting Slater a 30-day period to refute Wheelan's affidavit. However, no relief is available to Slater on this claim.

Federal courts cannot review state proceedings which are collateral to the detention itself. Claim 4 is collateral to the habeas proceedings. "[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *see also Nicholas v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995) (stating that an attack on a state habeas proceeding did not entitle a defendant to relief because it is an attack on a collateral proceeding and not on the detention itself). In *Montoya v. Johnson,* 226 F.3d 399, 404 (5th Cir. 2000), the Supreme Court held that federal courts cannot grant habeas relief based solely on a finding of error by a state court. The standard is more demanding in that the state court must have reached: "a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000) (quoting *Montoya v. Johnson*, 226 F.3d 399, 404).

The record does not support the contention that the Supreme Court would have come to a different result but for Slater's failure to file a response to R.E. Wheelan's affidavit. Additionally, this is an error by a state court on a collateral proceeding. Therefore, relief for claim 4 cannot be granted under section 2254(d).

**VI.** **Conclusion and Order**

Based on the foregoing, and the conclusion that Petitioner's claims are either procedurally barred or that section 2254(d) does not provide for any relief, the Court:

ORDERS that Respondent's Motion for Summary Judgment (Document No. 12) is GRANTED, Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 24) is DENIED, and those section 2254 proceedings are DISMISSED WITH PREJUDICE. It is further

ORDERED that a Certificate of Appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 329 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

19

Given the claims raised herein as well, as the rejection of Petitioner's claims by the Texas Court of Criminal Appeals, the Court determines that reasonable jurists would find not find the assessment of Petitioner's constitutional claims to be debatable or wrong.  Therefore, Petitioner has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability will not issue.

Signed at Houston, Texas, this 1st day of  August, 2006.

Frances H. Stacy
United States Magistrate Judge